UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JODY BIVENS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 4:24 CV 93 CDP |
| | ) |
| GEICO INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Jody Bivens filed this action in Missouri state court on December 6, 2023, alleging that her insurer, defendant Geico Insurance Company, refused to provide underinsured motorist coverage on her claim for damages from bodily injuries she sustained from a motor vehicle accident that was caused by an underinsured motorist in June 2015. She brings this action under Missouri law asserting claims of breach of contract and vexatious refusal to pay. Geico removed the action to this Court on January 18, 2024, alleging diversity jurisdiction under 28 U.S.C. § 1332(a). Bivens moves to remand the case to state court, arguing that she does not seek damages in excess of $75,000 and thus that the amount in controversy fails to meet the threshold for diversity jurisdiction. Although Geico has not responded to the motion, I find that Geico's notice of removal sufficiently establishes by a preponderance of the evidence that the $75,000 threshold is met in

this case, and Bivens has not shown to a legal certainty that her claims are less than that amount. I will deny the motion to remand.

In removal cases, I must review the complaint or petition pending at the time of removal to determine the existence of federal subject-matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). I may also look to the notice of removal to determine jurisdiction. 28 U.S.C. § 1446(c)(2)(A). The removing defendant, as the party invoking jurisdiction, bears the burden of proving by a preponderance of the evidence that all prerequisites to jurisdiction are satisfied. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" *Central Iowa Power*, 561 F.3d at 912.

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a).[1] A party removing a diversity action to federal court must prove the amount in controversy by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Under that standard, "the jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are[.]" *Id.* at

---

[1] There is no dispute that the parties here are diverse.

- 2 -

959 (internal quotation marks and citation omitted) (alteration and emphasis in *Bell*).  Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is appropriate only if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount.  *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020).

Here, Bivens' petition alleges that the accident caused her to suffer injuries to her head, neck, and back as well as emotional distress, and that she has had to seek medical treatment for her injuries.  She asserts that she has suffered from her injuries and pain since the accident, continues to suffer, and will suffer in the future given that her injuries, pain, and damages are "permanent, disabling, and progressive."  Bivens avers in her petition that she made a formal demand to Geico in October 2023, informing Geico that she had accrued nearly $26,000 in medical expenses to that time.  Her petition seeks damages "in excess of" $25,000 and recovery of her court and litigation costs.  (ECF 6.)

In her motion to remand, Bivens avers through counsel that she does not seek damages exceeding $75,000, and she "specifically disavows damages in excess of $75,000.00, exclusive of interests and costs."  (ECF 12 at ¶ 5.)  With its notice of removal, however, Geico submitted Bivens' demand letter, which sought a specific settlement amount exceeding $75,000 or the contractual limits of the policy (*see* ECF 1-5), which both the petition and the notice of removal allege to

be $100,000.00 per person and $200,000.00 per occurrence.  Geico also asserts that because Missouri's vexatious-refusal-to-pay statute provides that a successful insured may recover their attorney's fees, *see* Mo. Rev. Stat. § 375.420, such potential recovery must be considered in determining the amount in controversy.

Geico is correct that statutory attorney's fees count toward the jurisdictional minimum for diversity jurisdiction.  *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).  And where, as here, a state-court petition seeks an unspecified amount of damages, my factual inquiry into the amount in controversy may include consideration of the plaintiff's settlement demand.  *See Katwala v. Badger*, No. 4:23-CV-1230 SRW, 2023 WL 8004946, at *3 (E.D. Mo. Nov. 17, 2023).  Accordingly, considering Bivens' settlement demand that exceeds $75,000, the petition's allegation of permanent and disabling injuries, Bivens' accrued and anticipated medical expenses, and her potential recovery of attorney's fees, I conclude that Geico has met its burden of establishing by a preponderance of the evidence that the amount in controversy in this action meets the jurisdictional threshold for diversity jurisdiction.  Although the motion to remand asserts that Bivens disavows damages exceeding $75,000, this representation made by counsel without Bivens' binding declaration that she will not accept more than the threshold amount is insufficient to show to a legal certainty that Bivens' damages will not exceed $75,000.  *See Armour v. Schneider Nat'l Carriers, Inc.*, No.

4:16CV1328 JCH, 2016 WL 5470466, at *2 n.2 (E.D. Mo. Sept. 29, 2016); *see also Howerton v. American Fam. Mut. Ins. Co., S.I.*, No. 4:21-CV-00102-NAB, 2021 WL 779551, at *2 n.1 (E.D. Mo. Mar. 1, 2021) (listing cases).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Jody Bivens' Motion for Remand [12] is **DENIED.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of March, 2024.